UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RAYMOND L. JACKSON,

                              Plaintiff,

                -against-

C.O. R. CARTER,

                              Defendant.

20-CV-3936 (VB)

AMENDED ORDER OF SERVICE

VINCENT L. BRICCETTI, United States District Judge:

Plaintiff, currently incarcerated at Sing Sing Correctional Facility, brings this *pro se*

action under 42 U.S.C. § 1983, alleging that Defendant used excessive force against him. By

order dated June 24, 2020, the Court granted Plaintiff's request to proceed without prepayment

of fees, that is, *in forma pauperis*.[1]

By Order dated June 25, 2020, the Court directed service on defendant.  (Doc. #7).

However, the U.S. Marshals were unable to serve defendant because he was no longer at that

location.  (See Doc. #9).  On July 19, 2020, plaintiff wrote the Court indicating that he continues

to see defendant at Sing Sing Correctional Facility and that defendant is an employee of the

Department of Corrections and Community Supervision ("DOCCS").   (Doc. #11).

**DISCUSSION**

**A.      Service on Defendant Carter**

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the

Court and the U.S. Marshals Service to effect service. *Walker v. Schult*, 717 F.3d. 119, 123 n.6

(2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been
granted permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(b)(1).

process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)).

Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that the summons and complaint be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served the summons and complaint until the Court reviewed the complaint and ordered that a summons be issued. Moreover, because the Marshals Service could not serve defendant at Sing Sing, the Court extends the time to serve defendant until November 5, 2020. If the complaint is not served within that time, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

To allow Plaintiff to effect service on Defendant R. Carter (Shield #3192) through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for this defendant. The Clerk of Court is further instructed to issue a summons and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon defendant.

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

**B.     Local Civil Rule 33.2**

Local Civil Rule 33.2, which requires defendants in certain types of prisoner cases to respond to specific, court-ordered discovery requests, applies to this action. Those discovery

2

requests are available on the Court's website under "Forms" and are titled <u>"Plaintiff's Local Civil Rule 33.2 Interrogatories and Requests for Production of Documents."</u> Within 120 days of service of the complaint, Defendant must serve responses to these standard discovery requests. In his responses, Defendant must quote each request verbatim.[2]

### CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff, together with an information package. The Clerk of Court is further instructed to complete the USM-285 forms with the address for Defendant R. Carter, Shield #3192, and deliver to the U.S. Marshals Service all documents necessary to effect service.

Local Civil Rule 33.2 applies to this action.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   August 7, 2020
         White Plains, New York

_____
VINCENT L. BRICCETTI
United States District Judge

---

[2] If Plaintiff would like copies of these discovery requests before receiving the responses and does not have access to the website, Plaintiff may request them from the Pro Se Intake Unit.

**DEFENDANTS AND SERVICE ADDRESSES**

1.      Correction Officer R. Carter, Shield #3192
        New York State Department of Corrections and Community Supervision
        Harriman State Campus – Building 2
        1220 Washington Avenue
        Albany, NY 12226